**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD GARCIA-HERNANDEZ, | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 2:26-cv-1609 |
| v. | : | |
| | : | |
| JACOBY GARY, a/k/a GARY J. JACOBY, | : | |
| a/k/a GARY JARELL STEWART, and RXO | : | |
| EXPRESS, LLC, d/b/a RXO EXPRESS | : | |
| | : | |
| Defendants | : | |
| | : | |

**NOTICE OF REMOVAL**

**TO THE CLERK OF COURT**:

Pursuant to 28 U.S.C. § 1441, defendants Jacoby Gary a/k/a Gary J. Jacoby a/k/a Gary Jarell Stewart ("Jacoby") and RXO, Inc., incorrectly identified as RXO Express, LLC d/b/a RXO Express ("RXO"), (collectively referred to herein as "Defendants") by and through their undersigned counsel, Weber Gallagher Simpson Stapleton Fires & Newby LLP, hereby remove the case captioned Edward Garcia-Hernandez v. Jacoby Gary a/k/a Gary J. Jacoby, a/k/a Gary Jarell Stewart, and RXO Express, LLC d/b/a EXO Express, Lehigh County No. 2025-C-5047 (the "State Court Action"), from the Lehigh County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, and, in support thereof, aver as follows:

1. Plaintiff Edward Garcia-Hernandez commenced this action, docketed at 2025-CV-5047 in the Lehigh County Court of Common Pleas by filing a Complaint against original defendants Jacoby, RXO, and Penske Truck Leasings Co., L.P. ("Penske") on December 9, 2025.

1

2.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of plaintiff's Complaint, along with all other process, pleadings, and orders served upon defendants are attached hereto as Exhibit 1. A copy of the docket in the State Court Action is attached as Exhibit 2.

3.      In the Complaint, Plaintiff alleges that on or about December 12, 2023, Defendant Jacoby was the operator of a large truck owned by Penske which struck the front end of the driver's side of Plaintiff's vehicle. See Ex. 1 ¶¶ 7-8.

4.      In the Complaint, Plaintiff alleges that the negligence and carelessness of defendants RXO and Penske, individually and through their agent Defendant Jacoby, and Jacoby on his own behalf, resulted in Plaintiff's injuries to his neck, shoulder, right upper extremity, and lower back; Cervical Disc herniations; Cervical radiculopathy; Cervical whiplash; as well as other severe neurologic and/or orthopedic injuries the extend of which may not yet be known. Id. ¶¶ 11-12.

5.      Plaintiff seeks reimbursement of medical expenses which exceed $5,000.00 and which may continue for an indefinite time in the future, lost emoluments in employment due to Plaintiff's inability to attend Plaintiff's usual occupation as well as lost earning capacity in the future, and property damage to the vehicle. Id. ¶¶ 15-18.

6.      Plaintiff is, according to the averments of the Complaint, a citizen of Pennsylvania. See Exhibit 1 ¶ 1.

7.      Original defendant Penske is and was a limited partnership, the citizenship of which includes that of each member of the limited partnership for purposes of determining diversity.

8.      The members constituting the limited partnership who owned original defendant Penske included citizens of the Commonwealth of Pennsylvania. Id. ¶ 3.

2

9. Consequently, when plaintiff's Complaint was filed against original defendants, including defendant Penske, diversity did not exist between the adverse parties, as some members of the limited partnership were, as noted, citizens of the Commonwealth of Pennsylvania.

10. Thus, defendants including original defendant Penske filed a timely Answer to plaintiff's Complaint in state court, as the case was not—at the time—eligible for removal to federal court.

11. Following the filing of the initial pleadings, Plaintiff stipulated to dismiss Penske from the action which the Court approved of on March 10, 2026. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Order approving the Stipulation is attached as Exhibit 3.

12. The dismissal of Penske creates complete diversity as defendant Jacoby is a resident of Houston, Texas, and defendant RXO is a Delaware corporation with a principal place of business in Charlotte, North Carolina. Id. ¶¶ 2,4.

13. Under 28 U.S.C. § 1446(b)(3), where a case is not removable by the initial pleading, a notice of removal may be filed within thirty days after receipt by "motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable."

14. Thus, this notice of removal is timely, as the Stipulation for Dismissal creating diversity of citizenship was signed by all parties and filed on March 9, 2026.

15. This Court has original jurisdiction over the subject matter of plaintiff's Complaint under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between defendants and plaintiff.

**DIVERSITY**

16.     Defendants deny the allegations in the Complaint and deny that plaintiff has stated a claim for which relief may be granted. Nevertheless, assuming for jurisdictional purposes only that plaintiff's claims are valid, plaintiff could now file the Complaint in this Court under diversity jurisdiction.

17.     According to the averments of the verified Complaint, plaintiff is a resident and citizen of the Commonwealth of Pennsylvania. See Exhibit 1 ¶ 1.

18.     As stated above, the State Court Action was originally filed against Penske on December 9, 2025. See Exhibit 1.

19.     The signed Stipulation for Dismissal removed Penske as a party, creating diversity removable by the "other papers" provision of 28 U.S.C. §1446(b)(3). See Exhibit 3.

20.     Existing defendant Jacoby is a citizen of Texas and RXO is a citizen of its place of incorporation, Delaware, and its principal place of business, North Carolina. Id. ¶¶ 2, 4.

21.     Plaintiff is a citizen of the Commonwealth of Pennsylvania. Id. ¶ 1.

22.     Because plaintiff and defendants are citizens of different states, complete diversity of citizenship exists under 28 U.S.C. § 1332. In accordance with Federal Rule of Civil Procedure 7.1(a)(2), a completed Disclosure of Citizenship form is attached hereto as Exhibit 4.

23.     Here, plaintiff's Complaint seeks damages in excess of $50,000.00.

24.     Moreover, plaintiff allegedly sustained serious and permanent injuries.

25.     Plaintiff's injuries purportedly required medical treatment, which Plaintiff alleges may continue for an indefinite time in the future. Id. ¶ 15.

26.     Plaintiff has alleged loss of past and future emoluments in employment and loss of earning capacity.

27.     Plaintiff has also alleged property damage to the vehicle.

28.     Accordingly, the amount in controversy requirement of 28 U.S.C. §1332 has been satisfied.

## OTHER PROCEDURAL MATTERS

29.     Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Pennsylvania is the appropriate court for filing a Notice of Removal from the Court of Common Pleas, Lehigh County, where the State Court Action is pending.

30.     Contemporaneous with the filing of this Notice, Defendants have given written notice hereto to plaintiffs, and Defendants will notify the Court of Common Pleas, Lehigh County of the removal of this action as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants submit this Notice that the State Court Action is removed from the Pennsylvania Court of Common Pleas, Lehigh County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

By:     _____

James A. Wescoe, Esquire
Abed Rahman, Esquire
*Attorneys for defendants, RXO, Inc., and Jacoby Gary*

Date:

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the below listed counsel and party via electronic and/or regular mail:

**Scott Schleifer, Esquire**
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1801 Market St, #1100
Philadelphia, PA 19103
*Attorney for plaintiff, Edward Garcia-Hernandez*

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP**

By: _____

James A. Wescoe, Esquire
Abed Rahman, Esquire
*Attorneys for defendants, RXO, Inc., and Jacoby Gary*

Date:

6